United States Courts
Southern District of Texas
FILED

MAR 23 2026

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROL J. CARRIER, *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 26cv2342 |
| | § | **JURY DEMANDED** |
| HARRIS COUNTY, TEXAS, | § | |
| *Defendant.* | § | |

**EMPLOYMENT DISCRIMINATION COMPLAINT**

Carol J. Carrier ("Plaintiff"), *pro se*, brings this Complaint against Defendant Harris County, Texas ("Defendant"), and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under federal laws, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA").

2. Plaintiff has satisfied all administrative prerequisites to suit; on or about April 3, 2025, Plaintiff filed a timely Charge of Discrimination (EEOC No. 460-2025-04066), with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on age, race, and sex. *See* **Exhibit A**.

3. More than 180 days have elapsed since the filing of the Charge.

4. The EEOC issued Plaintiff a Notice of Right to Sue on January 12, 2026 for the timely filing of this complaint. *See* **Exhibit B.**

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because Defendant is located in this judicial district, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and Plaintiff was employed in this judicial district.

6. Venue is proper in the Houston Division of the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Houston, Harris County, Texas, including Plaintiff's employment, supervision, and termination by Defendant. Plaintiff's current residence outside of Texas does not defeat venue.

## PARTIES

7. Plaintiff currently resides in Woburn, Massachusetts, and lived in Houston, Harris County, Texas, at all times relevant to the circumstances forming the basis of this complaint; she was an "employee" within the meaning of Title VII and the ADEA of Harris County, Texas.

8. Defendant Harris County, Texas, is a political subdivision of the State of Texas and an "employer" within the meaning of Title VII and the ADEA; it may be served through its County Judge at 1001 Preston Street, Suite 911, Houston, Texas 77002.

## FACTUAL ALLEGATIONS

9. Plaintiff is a Black female born in 1945 and was Age 79 at the time of her termination.

10. Plaintiff previously worked for Defendant from 1987 until 2005.

11. In September 2020, Plaintiff was rehired by Defendant as a Substitute Hearing Officer.

12. In April 2022, Plaintiff was officially rehired as a full-time Hearing Officer.

13. In October 2024, Plaintiff received a written and positive performance review from her Supervisor, Judge Cheryl Diggs.

14. The October 2024 performance review is the only written performance evaluation Plaintiff has ever received during her employment with Defendant from 1987 to 2005 and again from 2020 to 2025.

15. On January 6, 2025, Plaintiff was notified by her supervisor and Chief Hearing Officer, Cheryl Diggs, and Mr. Ed Wells, Court Manager, that her employment would be terminated due to alleged concerns about bonds Plaintiff had previously approved.

16. Mr. Wells cited Plaintiff's bond rulings as justification for her termination.

17. Diggs emailed Plaintiff about one specific concern on a bond ruling she made by Harris County District Judge Lacayo on or about September 4, 2024.

18. Plaintiff emailed Diggs a narrative explanation for this singular concern in the criminal case referenced by Judge Lacayo.

19. On September 5, 2024, Diggs formally responded to the concern of Lacayo, encapsulating Plaintiff's explanation for her bond ruling, and affirming Plaintiff followed the law.

20. Plaintiff received no corrective or disciplinary action since providing her written explanation to Diggs in the Fall of 2024.

21. The justification for Plaintiff's termination was first raised by Wells at the same time Plaintiff was terminated, despite Plaintiff's record of satisfactory performance and her October 2024 positive evaluation, which occurred less than a month after Lacayo's email, supporting an inference of pretext.

22. The decision to terminate Plaintiff was made or approved by supervisory officials acting within the scope of their employment for Harris County, including Plaintiff's direct supervisor and court administrative leadership, whose actions are attributable to Defendant under Title VII and the ADEA.

23. Prior to her termination, Plaintiff had never been written up or reprimanded.

24. Based on information and belief, Plaintiff was replaced by a substantially younger male employee who was similarly situated to Plaintiff in all material respects, including job duties, decision-making authority, supervisory chain, and applicable disciplinary standards.

25. In the same week that Plaintiff was terminated in 2025, another Black female Hearing Officer was notified of her termination.

26. In 2024, Defendant terminated another Black female Hearing Officer.

27. Including Plaintiff, Defendant terminated at least three Black female Hearing Officers within a relatively short period of time, suggesting a pattern of adverse employment actions disproportionately affecting members of Plaintiff's protected class.

28. Plaintiff has been an active member in good standing with the State Bar of Texas for over fifty (50) years.

29. Plaintiff graduated from law school in 1973, was admitted to the Kentucky Bar in 1974, and to the State Bar of Texas in 1975.

30. From 1973 to 2025, Plaintiff maintained an unblemished legal career: zero grievances adjudicated against her by former clients; zero disciplinary reports from Bar Overseers in Kentucky and Texas.

31. Defendant's wrongful termination of Plaintiff's employment scarred her unblemished fifty-year legal career.

32. Plaintiff experienced severe emotional distress, including anxiety, humiliation, loss of professional identity, and disruption of her retirement plans after decades of continuous service.

33. At all relevant times, Plaintiff was qualified for her position as a Hearing Officer and performed her duties in a satisfactory and exemplary manner, as evidenced by her positive performance review in October 2024 and absence of any prior discipline.

34. Prior to Plaintiff's termination, Defendant did not follow progressive discipline practices customarily applied to similarly situated employees, and Plaintiff was not provided with any findings or given an opportunity to respond to any other alleged concerns regarding her bond decisions.

35. The decision to terminate Plaintiff was made by individuals with authority to take adverse employment action on behalf of Defendant, including Cheryl Diggs and Ed Wells, acting within the course and scope of their employment, and their actions are attributable to Defendant.

36. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's federally protected rights.

37. [Plaintiff was treated less favorably than similarly situated employees outside her protected classes who were comparable to Plaintiff in all material respects, including but not limited to job duties, supervisory chain, disciplinary standards, and decision-making authority.

38. Defendant's stated reason for termination was pretextual because:

(a) it was not raised contemporaneously with the alleged conduct;

(b) Plaintiff had no prior discipline;

(c) Plaintiff had recently received a positive performance evaluation;

(d) similarly situated employees outside Plaintiff's protected classes were not terminated for comparable conduct; and

(e) the explanation shifted or was first asserted at the time of termination.

## FIRST CAUSE OF ACTION:
## *Age Discrimination in Violation of the ADEA*

39. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 38 above as if fully set forth herein.

40. Plaintiff is a member of a protected class under the ADEA, as she was 79 years old at the time of her termination.

41. Plaintiff was qualified for her position and performed her duties satisfactorily and without disciplinary history.

42. Defendant subjected Plaintiff to an adverse employment action by terminating her employment on January 6, 2025, and in violation of the ADEA, 29 U.S.C. § 623(a).

43. Based on information and belief, Plaintiff was replaced by a substantially younger employee who was similarly situated to Plaintiff in all material respects, including job duties, decision-making authority, supervisory chain, and applicable disciplinary standards.

44. Defendant treated similarly situated younger employees more favorably under similar or more serious circumstances.

45. Defendant's stated reason for Plaintiff's termination—alleged concerns regarding bond decisions—was false and a pretext for age discrimination, particularly given Plaintiff's positive performance history and lack of prior discipline.

46. Plaintiff's age was the *but-for* cause of Defendant's decision to terminate her employment.

47. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including lost wages, lost benefits, and emotional distress.

48. Defendant discriminated against Plaintiff because of her age at the time (79) by terminating her employment.

49. Defendant's conduct was willful within the meaning of the ADEA, entitling Plaintiff to liquidated damages.

**SECOND CAUSE OF ACTION:**
***Race Discrimination in Violation of Title VII***

50. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 49 above as if fully set forth herein.

51. Plaintiff is a member of a protected class based on her race (Black).

52. Plaintiff was qualified for her position and performed her duties satisfactorily.

53. Defendant subjected Plaintiff to an adverse employment action by terminating her employment, in violation of Title VII, 42 U.S.C. § 2000e-2(a).

54. Based on information and belief, Plaintiff was replaced by a non-minority who was similarly situated as Plaintiff in all material respects.

55. Defendant treated similarly situated non-Black employees more favorably under circumstances that were similar to or more serious than those faced by Plaintiff.

56. Defendant engaged in a pattern and practice of terminating Black Hearing Officers, including Plaintiff and at least two other Black female Hearing Officers, within a short period of time.

57. Defendant's stated reason for Plaintiff's termination was false and a pretext for race discrimination.

58. Plaintiff's race and/or sex were motivating factors in Defendant's decision to terminate her employment.

59. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including lost wages, lost benefits, and emotional distress.

**THIRD CAUSE OF ACTION:**
***Sex Discrimination in Violation of Title VII***

60. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 59 above as if fully set forth herein.

61. Plaintiff is a member of a protected class based on her sex (female).

62. Plaintiff was qualified for her position and performed her duties satisfactorily.

63. Defendant subjected Plaintiff to an adverse employment action by terminating her employment, in violation of Title VII, 42 U.S.C. § 2000e-2(a).

64. Based on information and belief, Plaintiff was replaced by a male who was similarly situated in job duties, supervisory structure, and disciplinary standards.

65. Defendant treated similarly situated male employees more favorably under circumstances that were similar or more serious.

66. Defendant engaged in a pattern of terminating female Hearing Officers, including Plaintiff and other female Hearing Officers referenced above.

67. Defendant's stated reason for Plaintiff's termination was false and a pretext for sex discrimination.

68. Plaintiff's race and/or sex were motivating factors in Defendant's decision to terminate her employment.

69. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including lost wages, lost benefits, and emotional distress.

## CONDITIONS PRECEDENT

70. All conditions precedent to the filing of this action have been satisfied or have occurred.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

a. Enter judgment in favor of Plaintiff and against Defendant on all causes of action;

b. Award Plaintiff back pay, front pay, and lost benefits in an amount to be determined at trial;

c. Award Plaintiff compensatory damages, including for emotional distress, in an amount to be determined at trial;

d. Award Plaintiff punitive damages in an amount to be determined at trial;

e. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k) and 29 U.S.C. § 626(b);

f. Award Plaintiff pre-judgment and post-judgment interest;

g. Grant injunctive relief, including reinstatement or other equitable relief to prevent future discrimination; and

h. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Date: March 20, 2026

Respectfully submitted,

By: Carol J. Carrier

Ms. Carol J. Carrier
Plaintiff, *Pro Se*
285 Locust Street, No. 40
Woburn, MA 01801
Ph: (713) 851-4962
Email: carolcarrier45@gmail.com

**PLAINTIFF *PRO SE***

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Complaint will be served on Defendant Harris County, Texas, in accordance with Federal Rule of Civil Procedure 4 upon my receipt of a fully executed Summons from the Clerk.

By: Carol J. Carrier